IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
_____ DIVISION

Martez Williams

**Name of Plaintiff**

v.

Employment & Assessment Solution, Inc.

**Name of Defendant(s)**

Case No. _____
(To be assigned by Clerk)
Jury Demand ☑ Yes ☐ No

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination. Jurisdiction is specifically conferred upon the Court by 42 U.S.C. § 2000e-5, or, if the Plaintiff is a federal employee, by 42 U.S.C. § 2000e-16. Relief is sought under 42 U.S.C. § 2000e-5(g) and/or 42 U.S.C. § 1981a(b).

2. Plaintiff, Martez Williams, is a citizen of the United States and resides at

   106 Knolls Place, Nashville,
   Street address / City

   Davidson, TN, 37211, 615-975-4272
   County / State / Zip Code / Telephone Number

3. Defendant, Employment & Assessment Solution, Inc. resides at, or its business is located at

   1037 West Main Street Suite A, Lebanon,
   Street address / City

   Wilson, TN, 37087.
   County / State / Zip Code

(If more than one Defendant, list the name and address of each additional Defendant)

_____
_____
_____
_____
_____
_____.

4. Plaintiff sought employment from the Defendant or was employed by the Defendant at  _1645 Murfreesboro Road Suite H_, _Nashville_,
   Street address  City
   _Davidson_, _TN_, _37217_.
   County  State  Zip Code

5. Defendant discriminated against Plaintiff in the manner indicated in paragraphs 8 and 9 of this Complaint on or about _Nov 2&3, 2 MUMS_  _2 & 3_  _2010_.
   Month  Day  Year

6. Plaintiff filed charges against the Defendant with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission charging the Defendant with the acts of discrimination indicated in ~agraphs 8 and 9 of this Complaint on or about _May_  _16_  _2011_.
   Month  Day  Year

7. The Equal Employment Opportunity Commission or the United States Department of Justice issued a Notice of Right to Sue which was received by Plaintiff on _May_
   Month
   _24_  _2012_, a copy of which Notice is attached.
   Day  Year

8. Because of Plaintiff's (1) _Black American_ race, (2) _Black_ color, (3) _Male_ sex, (4) _Islam_ religion, (5) _U.S.A_ national origin, the Defendant:

a. _____ failed to employ Plaintiff.

b. ✓ terminated Plaintiff's employment.

c. ✓ failed to promote Plaintiff.

d. ✓ retaliated against Plaintiff for having filed a charge of discrimination.

e. ✓ other. Explain: When we had a Mediation June 24 2011 with THRC Chris Manns breached the confidentially, plus he told Nathan & Brittany Roberts that I have Multiple Sclerosis. THRC has been given false Information about my file statement claiming that this white lady was a wheelchair van driver and drug tester.

9. The circumstances under which Defendant discriminated against Plaintiff were as follows:

Once I let it be known that I would file a charge with THRC, Tosha, NAACP and The Dept of Safty I was wrote up about this. And when it was told That I would have to work nights for Two months, I let it be known that I must do my Muslim Studies then things got harder. Nathan Roberts started writting Religious Statement on the board at work and He told me that I need to be baptized and when I told the owner of the company he would tell me that I shouldn't filed that complaint with TOSHA.

(You may use additional paper, if necessary.)

10. The acts set forth in paragraph 8 of this Complaint:

a. ? are still being committed by Defendant.

b. ? are no longer being committed by Defendant.

c. ✓ may still be being committed by Defendant.

11. Plaintiff attaches to this Complaint a copy of the charges filed with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission, which charges are submitted as a brief statement of the facts supporting this Complaint.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

a. _____ direct that Defendant employ Plaintiff, or

b. _____ direct that Defendant re-employ Plaintiff, or

c. _____ direct that Defendant promote Plaintiff, or

d. _____ order other equitable or injunctive relief: _____

_____.

e. _____ direct that Defendant pay Plaintiff back pay in the amount of

_____ and interest on back pay;

f. \_\_\_✓\_\_\_ direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: \_\_\_—,\_00.00_____

_____.

g. \_\_\_✓\_\_\_ direct that Defendant pay Plaintiff punitive damages in the amount of \_\_50,000.00_____ because Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to Plaintiff's federally protected rights, as described in paragraphs 8 and 9 above; and that the Court grant such other relief as may be appropriate, including costs and attorney's fees.

_____
(Signature of Plaintiff)

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

RECEIVED IN CLERK'S OFFICE
AUG 1 0 2012
U. S. DISTRICT COURT
MID. DIST. TENN.

To: Martez Williams
106 Knolls Place
Nashville, TN 37211

From: Memphis District Office
1407 Union Avenue
Suite 901
Memphis, TN 38104

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 25A-2011-00505 | V. Paulette Wilson, Deferral Coordinator | (901) 544-0147 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Katharine W. Kores
_Katharine W. Kores,_
Director

MAY 2 4 2012
(Date Mailed)

Enclosures(s)

cc: Employment Assessment Solutions, Inc.
Byron M. Gill, Esq.
Rochelle McCullouch & Aulds, PLLC
109 North Castle Heights Avenue
Lebanon, TN 37087

Kerry Knox, Attorney
Castelli & Knox, LLP
117 South Academy Street
Murfreesboro, TN 37130

DECISION OF COMMISSIONER'S DESIGNEE
Tennessee Department of Labor and Workforce Development
AVISO IMPORTANTE

COPY

RECEIVED
IN CLERK'S OFFICE
AUG 1 0 2012
U. S. DISTRICT COURT
MID. DIST. TENN.

**11B3216AA**

| CLAIMANT | EMPLOYER |
|---|---|
| MARTEZ WILLIAMS<br>106 KNOLLS PLACE<br>NASHVILLE TN 37211-0000 | EMPLOYMENT & ASSESSMENT<br>ATTN: HUMAN RESOURCES<br>1037 W MAIN ST STE A<br>LEBANON TN 37087-0000 |

SS # XXX-XX-2698                      ER # 0508257
Date of Mailing: September 19, 2011   BYE  05/05/2012        LO # 420

HISTORY OF THE CLAIM: This is a timely appeal by the Employer from a decision of the Appeals Tribunal dated August 18, 2011, which approved the claim. The issue is whether the Claimant was discharged for misconduct under T.C.A. §50-7-303(a)(2). After a careful review of the record, we find the following:

FINDINGS OF FACT: The Commissioner's Designee hereby adopts the findings of facts of the Appeals Tribunal and restates the following for special emphasis. The Claimant was discharged for customer complaints and for allegedly hanging up on the owner. The Claimant denies being rude to customer but stated that customers were often unhappy because they were usually scheduled to be picked up around the same time. The Claimant also testified that he did not intentionally hang up on the owner when his cell phone service dropped the call.

CONCLUSIONS OF LAW: In their appeal to the Commissioner's Designee, the Employer through counsel offers further disagreement with the Appeals Tribunal Decision and has provided substantial additional documentation to present at an additional hearing. However, the Employer does not give a sufficient explanation why the evidence was not presented during the previous hearing as required. The Employer is essentially requesting a "re-do" to meet their burden of proof.

The Employer's counsel argues that they did not receive a Notice of Appearance from the Claimant's counsel to send the documentation to the opposing party. The instructions on the Notice of Hearing clearly state that all documents to be considered during the hearing must be submitted to the Appeals Tribunal and to the opposing party prior to the hearing. Although the Employer's counsel may not have received a Notice of Appearance from the Claimant's counsel, the Claimant's attorney's name and firm address is located on the Notice of the Hearing mailed on August 5, 2011, so the Employer should have been aware that the Claimant was represented by counsel. In addition, the Employer could have submitted the documentation directly to the Claimant if they were not aware of the Claimant's counsel. The Claimant's counsel only objected to the TOSHA document being read into the record because he was not aware of the document. This document was not a part of the Administrative Record. The Employer did not offer any other documents as evidence.

Therefore, it appears that both parties have had a reasonable opportunity to present and discuss all

LB-0956   11B3216AA

relevant proof. Without further explanation, there is not a sufficient reason to cause further proceedings to be held in this case, and the request for an additional hearing is denied.

The issue is whether the Claimant was discharged for work related misconduct under T.C.A. § 50-7-303(a)(2). Based upon the entire record in this cause, the Commissioner's Designee finds the Appeals Tribunal correctly found the facts and applied the law under T.C.A. § 50-7-303(a)(2). We hereby adopt their application of the law but the same need not be copied herein for the purpose of our decision. The facts are insufficient to establish that the Claimant intentionally or substantially disregarded the Employer's interest and a finding of misconduct has not been established.

DECISION: The decision of the Appeals Tribunal is affirmed. The Claimant is eligible for unemployment benefits under T.C.A. §50-7-303(a)(2).

COMMISSIONER'S DESIGNEE
/ s / J. Warren

**JW:jh/MB**



RECEIVED
IN CLERK'S OFFICE

AUG 10 2012

U. S. DISTRICT COURT
MID. DIST. TENN.

Good Morning,

I am sending this letter to remind all drivers that there are to be NO vehicles taken home for any reason unless myself or Chris knows about it. Also, I need to know who is interested in doing discharges. You will get to take a vehicle home and also get $50 for the week that you are one call for after hours. Call me and let me know today if you are interested.

Thank You,

Nathan

On March 18, 2011 @ 8:16AM when I asked Nathan Robert about applying for this position, I was told that I would never get to do this job, when I asked why I was told to take a look in the mirror.

*[signature]* Aug. 9, 2012

Martez Williams
106 Knolls Place
Nashville, TN 37211


7011 2970 0002 7152 8578

 
U.S. POSTAGE PAID
NASHVILLE-TN 37211
AUG 09, 12
AMOUNT $4.25

Clerk, U.S. District Court
U.S. Courthouse, Room 800
Nashville, Tennessee 37203

RECEIVED
IN CLERK'S OFFICE
AUG 10 2012
U.S. DISTRICT COURT
MID. DIST. TENN.